IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHALISA R. CAMPBELL, et al.,           )<br>            Plaintiffs,           ) | |
| vs.           ) | No. 3:18-CV-1854-L (BH) |
|           ) | |
| ACCC GENERAL INSURANCE,           )<br>            Defendant.           ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se in forma pauperis* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice.

**I.  BACKGROUND**

The *pro se* plaintiff filed this case on behalf of herself and her minor children against an insurance company and moved to proceed *in forma pauperis* (IFP) on July 18, 2018. (*See* docs. 3, 4.) The plaintiff was granted leave to proceed IFP on July 19, 2018. (*See* doc. 6.) On that date, the Court sent her a questionnaire to obtain more information about her claims. The questionnaire specifically advised the plaintiff that her answers to the questions were due within fourteen days, and that a failure to file her answers could result in the dismissal of her case. *Id.* More than fourteen days from the date of the questionnaire have passed, but the plaintiff has not filed her answers or else in this case.

By *Notice of Deficiency and Order* dated July 19, 2018, the plaintiff was also advised that she could not represent her minor children *pro se*, and that she must obtain legal counsel for this action to proceed on their behalf within fourteen days. (*See* doc. 8.) The order specifically advised her that if counsel has not entered an appearance on behalf of the minor children within fourteen days, it would be recommended that any claims on their behalf be dismissed. (*Id.*) No counsel ever

entered an appearance on behalf of the children.

## II. INVOLUNTARY DISMISSAL OF THE PLAINTIFF'S CLAIMS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Here, on July 19, 2018, the plaintiff was given fourteen days to file answers to a questionnaire regarding her claims. She failed to comply with the order despite an express warning that failure to do so could result in dismissal of this action. She has not filed anything else in the case. Because she failed to follow a court order or otherwise show that she intends to proceed with her case, her claims should be dismissed without prejudice under Rule 41(b) for failure to prosecute or follow orders of the court.

## III. DISMISSAL OF THE CHILDREN'S CLAIMS

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Although Fed. R. Civ. P. 17(c) permits a parent or guardian to sue on behalf of an infant or incompetent person in certain circumstances, a guardian or parent may not file and prosecute an action on behalf of a minor child without legal representation for the child. *See Chatman v. Miss. High School Athletics Ass'n,* 552 F. App'x 395, 337 (5th Cir. 2014) (per curiam); *see also Sprague v. Dept. of Family and Protective Serv.,* 547 F. App'x 507, 507-08 (5th Cir. 2013) (per curiam) (same but noting exception for cases where parent brings suit

2

in an attempt to obtain social security benefits for the child); *Aduddle v. Body*, 277 F. App'x 459, 462 (5th Cir. 2008) (finding that grandfather could not represent the interests of his grandchild on a *pro se* basis, even if he was the legal guardian). The Fifth Circuit has stated that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law". *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

Here, the plaintiff is not suing to obtain social security benefits for her children. By order dated July 19, 2019, she was advised that because she does not appear to be licensed to practice law, she may not represent her minor children in this action without legal representation. (*See* doc. 8.) She was also advised that if counsel had not entered an appearance on behalf of the children within fourteen days, dismissal of any claims on their behalf would be recommended. (*See id*.) More than fourteen days have passed, but no attorney has entered an appearance on behalf of the children.

## IV.  RECOMMENDATION

The plaintiff's claims should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless she files her answers to the questionnaire within the time for objecting to this recommendation.

Because the plaintiff may not prosecute this complaint on behalf of her minor children without legal counsel, the claims on behalf of the children should be dismissed without prejudice, unless licensed counsel enters an appearance on their behalf within the time for objection to this recommendation.

**SIGNED** on this 12th day of September, 2018.

> _____
> IRMA CARRILLO RAMIREZ
> UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

> _____
> IRMA CARRILLO RAMIREZ
> UNITED STATES MAGISTRATE JUDGE